**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| RANDALL LEE RANK,<br><br>　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | No. C 07-3075-MWB<br>(No. CR 06-3011-MWB)<br><br>**MEMORANDUM OPINION AND<br>ORDER REGARDING<br>PETITIONER'S 2255 MOTION** |

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
　　*A. Charges, Plea, and Sentence* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
　　*B. Section 2255 Motion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
　　*A. Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . . . . 3
　　*B. Preliminary Matters* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
　　*C. Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . . . . 7
　　　　*1.　Applicable Standards* . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
　　　　*2.　Failure To Object To Criminal History Points* . . . . . . . . . . 10
　　　　*3.　Failure To Object To Mandatory Application Of Guidelines* . 11
　　　　*4.　Failure To Object To Sentence* . . . . . . . . . . . . . . . . . . . . 11
　　*D. Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## I. INTRODUCTION

This matter comes before the court pursuant to Petitioner Randall Rank's *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 1), filed on October 29, 2007. Rank claims that his trial counsel provided him with ineffective assistance in various ways. The respondent denies that Rank is entitled to any relief on his claims.

### A. *Charges, Plea, and Sentence*

On March 23, 2006, Rank was charged with conspiracy to manufacture and distribute 50 grams or more of actual methamphetamine and to distribute and possess with intent to distribute 500 grams or more of a mixture or a substance containing a detectable amount of methamphetamine, in violation of Title 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(A), 841(a)(1), 841(b)(1)(A) and 846, from about 2002 through September of 2004 (Count 1); with manufacturing and attempting to manufacture 5 grams or more of pure methamphetamine during July of 2004 in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846 (Count 2); with manufacturing and attempting to manufacture 5 grams or more of pure methamphetamine during September of 2004 in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)B) and 846 (Count 3); with possessing pseudoephedrine on or about July 14, 2004 in violation of 21 U.S.C. § 841(c)(2)(Count 4); and with possessing psuedoephedrine on or about September 16, 2004, in violation of 21 U.S.C. §§ 841(c)(2)(Count 5). *See* CR 06-3011, docket no.1. Rank appeared before Chief United States Magistrate Judge Paul A. Zoss on March 28, 2006, and pled not guilty to

the charges. *See* CR 06-3011, docket no. 6. On July 17, 2006, Rank appeared before Judge Zoss, and entered a plea of guilty to Counts 1 - 3 of the Indictment. *See* CR 06-3011, docket no. 31. Judge Zoss filed a Report and Recommendation to Accept Guilty Plea (CR 06-3011, docket no. 34), on July 17, 2006. By Order (CR 06-3011, docket no. 35), dated August 3, 2006, the undersigned accepted the Report and Recommendation, thereby accepting Rank's plea of guilty. Rank appeared before the undersigned on October 25, 2006, for sentencing. *See* CR 06-3011, docket no. 43. Rank was sentenced to 210 months, at the bottom of the guideline range and the statutory mandatory minimum. *See* CR 06-3011, docket no. 49.

## B. Section 2255 Motion

On October 29, 2007, Rank filed this *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 1) ("Motion"). Rank claims that his trial counsel provided him with ineffective assistance and other grounds to set aside his sentence. Rank has not filed a brief in support of his motion. The respondent generally denies that Rank is entitled to relief, asserts that it cannot meaningfully respond to Rank's motion, and requests that Rank's motion be dismissed. Regardless of the sparse record with regard to Rank's Motion, this court will proceed to address the merits of his claims.

## II. LEGAL ANALYSIS
### A. Standards For Relief Pursuant To § 2255

Turning to the legal analysis of Rank's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

3

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that her sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*). On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review

of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to her actual and substantial disadvantage, infecting her entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's

5

ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, the court turns to analysis of Rank's claims for § 2255 relief.

## B. *Preliminary Matters*

"A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted); *see* 28 U.S.C. § 2255. In this case, the court concludes that no evidentiary hearing is required on any issue, because the record conclusively shows that Rank's allegations, if accepted as true, would not entitle him to relief because he can demonstrate no prejudice and, further, that Rank's allegations cannot be accepted as true because they are contradicted by the record.

Some of Rank's claims appear to be procedurally defaulted, in that they were not raised at trial or on direct appeal. *See Ramey v. United States*, 8 F.3d 1313, 1314 ("Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged

errors were fundamental defects resulting in a complete miscarriage of justice." (internal citations omitted)); *accord Johnson v. United States*, 278 F.3d 839, 844 ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'" (quoting *Bousley*, 523 U.S. at 622, with citations omitted)). However, as noted above, the "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht*, 403 F.3d at 545. The court will assume, without deciding, that Rank can show "cause and prejudice" to overcome defaulted claims, *inter alia*, as the result of "ineffective assistance" of trial counsel. Therefore, the court will pass on to the merits of Rank's claims for § 2255 relief.

### C. Ineffective Assistance Of Counsel

#### 1. Applicable Standards

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for her defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States*, 518 F.3d 986, 988 (8th Cir. 2008). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on

7

direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Thus, whether or not Rank is entitled to relief on his § 2255 motion turns on whether or not he can satisfy the standards applicable to his "ineffective assistance" claims.

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that her counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that her 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic

choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)).

### 2. *Failure To Object To Criminal History Points*

Rank argues that his counsel was ineffective for failing to object to the allocation of criminal history points stating that "some of my convictions were related". (Motion at 4). Rank provides no further explanation for this position.

This court cannot find any basis, in the record, to support this argument. The undersigned determined that Rank fell into a criminal history category of VI, with a sentencing guideline range of 235 to 293 months. (Sent. Tr. at 2). The minimum term of imprisonment for Rank, on Count 1 alone, was 20 years. (10 years statutory mandatory minimum doubled by application of 21 U.S.C. § 851). *See*, PSIR at 17; Sent. Tr. at 2).

Even if Rank was able to establish that his criminal history was miscalculated, he cannot establish that he was prejudiced in any way. He was sentenced near the bottom of the sentencing guideline range and received the statutory mandatory minimum sentence for his offense. Further, the record indicates that Rank may have been subject to a career offender enhancement, which would have placed him in a sentencing guideline range of 262 to 327 months, but which was not applied pursuant to a plea agreement. *See* PSIR 9-14 & 18. In any case, Rank cannot establish that there is a reasonable probability that his sentence would have been different if his criminal history had been calculated differently. *See Rice*, 449 F.3d at 897 (To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'"). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v.*

*Norris*, 103 F.3d 710 (8th Cir. 1997)). Because Rank cannot establish prejudice, his claim, on this ground, must fail.

### 3. Failure To Object To Mandatory Application Of Guidelines

Rank asserts that his counsel was ineffective for failing to object when the court informed Rank that it could not go below the guideline range. (Motion at 4).

The record establishes, however, that the court merely indicated that it could not go below the statutory mandatory minimum sentence and did not indicate that application of the guidelines was mandatory. (Sent. Tr. at 9). The record does not establish that there was any basis for objection by Rank's counsel and therefore, Rank cannot show that his counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

### 4. Failure To Object To Sentence

Rank asserts that his counsel was ineffective for failing to object to his sentence on the basis that he should have received less time because some of the drugs he was responsible for, were "impure". (Motion at 3).

In Rank's case, the parties stipulated that he was accountable for at least 150 grams of "actual" methamphetamine and at least 2,268 grams of methamphetamine mixture. (PSIR at 8). Application of U.S.S.G. § 2D1.1(c)(3) directed that if the offense involved 1,500 grams to 5,000 grams of methamphetamine mixture, the Base Offense Level should be 34. (PSIR at 8).

Rank has not alleged that he was responsible for less than 2,268 grams of methamphetamine mixture. More specifically, Rank has not alleged that he was

responsible for less than 1,500 grams of a methamphetamine mixture, which he would need to do in order to reduce the Base Offense Level in his case, thereby reducing his sentence. Even if Rank could establish that the 150 grams of "pure" methamphetamine were not actually "pure," he would still not have received a lesser sentence, because his sentence would have remained unchanged based on the amount of methamphetamine mixture for which he was responsible. Rank's mere speculation that he should have received less time, based on the purity of the methamphetamine for which he was responsible, is not sufficient to establish that, even if his counsel's performance was deficient, he was prejudiced. Rank cannot establish that there is a reasonable probability that his sentence would have been different. *See Rice*, 449 F.3d at 897 (To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'"). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick*, 179 F.3d at 620 (citing *Pryor*, 103 F.3d 710). Because Rank cannot establish prejudice, his claim, on this ground, must fail.

### D. *Certificate Of Appealability*

Denial of Rank's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Rank has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Rank's claims debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Rank does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate

of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

### *III.  CONCLUSION*

Upon the foregoing, Rank's *Pro Se* Motion Under 28 U.S.C. § 2255 (docket no. 1) is **denied in its entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 14th day of October, 2009.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA