# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| RANDALL LEE RANK,<br><br>Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. C 07-3075-MWB<br>(No. CR 06-3011-MWB)<br><br>**OPINION AND ORDER REGARDING PETITIONER'S MOTION PURSUANT TO RULE OF CIVIL PROCEDURE 60(b)(6)** |

_____

This case is before me on petitioner Randall Rank's July 27, 2017, Motion Under Federal Rules Of Civil Procedure Rule 60(b)(6) And (d)(1) (Rule 60(b) Motion). I find it helpful to provide some background to that motion.

On July 17, 2006, Rank pleaded guilty in this court, pursuant to a plea agreement, to three counts of a five-count indictment. Somewhat more specifically, he pleaded guilty to conspiracy to manufacture and distribute 50 grams or more of actual methamphetamine and to distribute and possess with intent to distribute 500 grams or more of a mixture or a substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(A), 841(a)(1), 841(b)(1)(A) and 846, from about 2002 through September of 2004 (Count 1); manufacturing and attempting to manufacture 5 grams or more of pure methamphetamine during July of 2004 in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846 (Count 2); and manufacturing and attempting to manufacture 5 grams or more of pure methamphetamine during September of 2004 in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846 (Count 3). Prior to Rank's guilty plea, the prosecution filed a Notice Of Intent To Seek Enhanced Penalties Pursuant To 21 U.S.C. § 851 (§ 851 Information), seeking enhancement of Rank's mandatory minimum sentence, listing two prior felony drug offenses, one in Minnesota and one in

Iowa, but seeking mandatory minimum sentences on the charged offenses based on only one prior conviction. On October 25, 2006, I sentenced Rank to the enhanced statutory mandatory minimum sentence of 20 years (240 months) of imprisonment, based on one prior felony drug conviction,[1] and judgment entered accordingly on October 30, 2006.

Rank filed a *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aide, Or Correct Sentence By A Person In Federal Custody (§ 2255 Motion) on October 29, 2007, but never filed a supporting brief. In a Memorandum Opinion And Order Regarding Petitioner's § 2255 Motion (§ 2255 Ruling), filed October 14, 2009, I denied Rank's § 2255 Motion in its entirety and concluded that no certificate of appealability would issue for any claim or contention in this case. Judgment entered accordingly on October 14, 2009. Notwithstanding my denial of a certificate of appealability in both my § 2255 Ruling and in response to a subsequent Motion For Certificate Of Appealability, Rank filed a Notice Of Appeal on December 11, 2009. The Eighth Circuit Court of Appeals also denied a certificate of appealability and dismissed Rank's appeal on January 21, 2010, and its mandate issued on March 12, 2010.

More than seven years after dismissal of the appeal of the denial of his § 2255 Motion, Rank filed his Rule 60(b) Motion. I conclude that Rank's Rule 60(b) Motion is a second or successive petition for *habeas* relief filed without permission of the Eighth Circuit Court of Appeals.

As the Eighth Circuit Court of Appeals has explained,

---

[1] Again, notwithstanding that the § 851 Information identified two prior felony drug convictions, it sought the enhancement of the mandatory minimum sentences for only one prior felony drug conviction. The plea agreement, likewise, refers to enhancement on the basis of only one prior felony drug conviction, but does not identify which one. The presentence investigation report (PSIR) also does not specifically identify which one prior felony drug conviction was the basis for the § 851 enhancement. The PSIR does note that "the defendant could have been subjected to mandatory minimum of life rather than 20 years because it appears he has two prior felony drug convictions." PSIR, ¶ 79.

> [B]efore filing a second or successive petition in district court, a habeas applicant must receive an order authorizing it from the court of appeals. [28 U.S.C.] § 2244(b)(3). Under the statutory scheme, a second or successive habeas motion filed by someone in federal custody must also "be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h).

*United States v. Lee*, 792 F.3d 1021, 1023 (8th Cir. 2015). Furthermore, "[i]t is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005).

Specifically, as to Rule 60(b) motions, the Eighth Circuit Court of Appeals has explained,

> The Supreme Court has decided that AEDPA's procedural requirements for second or successive habeas petitions apply to motions for relief from a judgment filed under Federal Rule of Civil Procedure 60(b). *Gonzalez [v. Crosby]*, 545 U.S. [524,] 531, 125 S.Ct. 2641 [(2005)]. The *Gonzalez* Court explained that Rule 60(b) motions often contain claims which are "in substance a successive habeas petition and should be treated accordingly." 545 U.S. at 530–31, 125 S.Ct. 2641. The Court gave examples of such motions, one being an assertion that owing to excusable neglect "the movant's habeas petition had omitted a claim of constitutional error" and an accompanying request to present the claim. *Id.*, citing *Harris v. United States*, 367 F.3d 74, 80–81 (2d Cir.2004). Another example is a motion attacking a "*previous* resolution of a claim *on the merits*." 545 U.S. at 532, 125 S.Ct. 2641 (emphasis in original).
>
> A Rule 60(b) motion is not treated as second or successive under AEDPA, however, if it does not raise a merits challenge to the resolution of a claim in a prior habeas proceeding, but instead attacks "some defect in the integrity

>of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532–33, 125 S.Ct. 2641. Thus, the Rule 60(b) motion in *Gonzalez* which sought to challenge a statute of limitations ruling which had prevented review of an initial habeas petition, did not require precertification under § 2244(b)(3). *Id*. at 533, 538, 125 S.Ct. 2641.

*Lee*, 792 F.3d at 1023.

Here, Rank's Rule 60(b) Motion does not merely attack some defect in the integrity of the federal habeas proceedings, which would be an argument that could be properly asserted in a Rule 60(b) motion. *Id.* Rather, his Rule 60(b) Motion asserts claims of constitutional error in his underlying conviction that he never raised in his § 2255 Motion, but now wishes to present to the court, on the ground that his original *pro se* motion ineffectively presented the issues. I conclude that his Rule 60(b) Motion presents entirely *new* claims, so that his purported Rule 60(b) Motion is a second or successive *habeas* petition subject to the requirements of 28 U.S.C. § 2244(b)(3). *Id.*

Specifically, in his original § 2255 Motion, Rank asserted three grounds for relief: (1) ineffective assistance of his trial counsel in failing to object to criminal history points, because "some of my convictions were related"; (2) ineffective assistance of his trial counsel in failing to object to mandatory application of the Sentencing Guidelines; and (3) ineffective assistance of his trial counsel in failing to object to his sentence on the basis that some of the drugs at issue were "impure." § 2255 Ruling, 10-12. In his Rule 60(b) Motion, however, Rank now "tries to clarify th[e] point [that some of his convictions were related], and the basis for his 60(b) motion, [to be that] he alleged then and now, that his counsel failed to research one very important issue, that being whether his prior conviction used as the basis for a 21 U.S.C. § 851 enhancement did in fact qualify, thus allowing the Court to base its sentence on an unqualifying prior [conviction] that raised his mandatory sentence to 20 years." Rule 60(b) Motion, 2. Somewhat more specifically, he argues that his prior Iowa conviction, used to enhance his mandatory

4

minimum, was not a final conviction, because his sentence had been deferred, and it did not become final until his probation was revoked on November 21, 2006, after his guilty plea on his federal drug charges. He also now contends that his Iowa conviction formed part of the same course of conduct as the federal offense. *See, e.g., id.* at 2-3.

There is no indication, however, in Rank's original § 2255 Motion that he was challenging the § 851 enhancement, rather than the calculation of his criminal history for purposes of his advisory guidelines sentence, such that his Rule 60(b) Motion is somehow a "clarification" of his § 2255 Motion. Certainly, there is not the merest hint that the nature of the original challenge was that the prior Iowa conviction could not qualify for a § 851 enhancement because it resulted in a "deferred" sentence and his probation was not revoked until after his federal conviction[2] or because the prior Iowa conviction was "related" to the charged federal offense rather than "related" to other convictions in his criminal history. Thus, because Rank's purported Rule 60(b) Motion asserts different and entirely new claims for *habeas* relief, it is a second or successive *habeas* motion that must "be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h); *Lee*, 792 F.3d at 1023.

Under the circumstances, I have discretion either to dismiss Rank's Rule 60(b) Motion or transfer it to the court of appeals for consideration of precertification. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam) (if Rule 60(b) motion is actually a successive *habeas* petition, the district court should dismiss it for failure to

---

[2] Even if that argument could now be considered, it is contrary to *United States v. Funchess*, 422 F.3d 698 (8th Cir. 2005). In *Funchess*, the court rejected the defendant's argument that a deferred judgment under Iowa law does not "count" for purposes of a § 851 enhancement, because it was not "final." The court rejected that argument, because it "ha[d] held that even expunged prior deferred judgments in Iowa may be used for purposes of federal sentencing." *Funchess*, 422 F.3d at 703. Rank's prior Iowa conviction was not even expunged; rather, he admits that his probation on that prior conviction was revoked, because of subsequent convictions.

obtain authorization from the court of appeals or, in its discretion, transfer the motion to the court of appeals). Here, because the Rule 60(b) Motion was filed several years after Rank's original § 2255 Motion, it asserts entirely new claims, and I do not see the slightest chance that Rank's second or successive motion meets the requirements for certification pursuant to 28 U.S.C. § 2255(h), because it is not based on newly discovered evidence or a new rule of constitutional law, I conclude that dismissal is appropriate.

THEREFORE, petitioner Randall Rank's July 27, 2017, Motion Under Federal Rules Of Civil Procedure Rule 60(b)(6) And (d)(1) (docket no. 15) is **denied** and **dismissed** on the ground that it is a second or successive petition for *habeas* relief filed without the required precertification by the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3).

FURTHERMORE, I conclude that Rank has failed to make a substantial showing that the conclusion that his Rule 60(b) Motion is a second or successive *habeas* petition is debatable among reasonable jurists, that a court could resolve any of the issues raised in that motion differently, or that any question raised in that motion deserves further proceedings. Consequently, a certificate of appealability is denied as to any argument or contention in Rank's Rule 60(b) Motion. *See* 28 U.S.C. § 2253(c)(1)(B); *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

**IT IS SO ORDERED**.

**DATED** this 23rd day of October, 2017.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA